IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                   Plaintiff,<br><br>   v.<br><br>MALIK WINTERS<br>                Defendant. | Criminal Action No. 22-112-CFC |

MEMORANDUM ORDER

Defendant Malik Winters is charged with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). D.I. 2. The Indictment alleges that on or about July 29, 2022, Winters possessed a Hi-Point Model C9 9mm semi-automatic handgun with eight rounds of 9mm ammunition and a Beretta Model APX 9mm semi-automatic pistol with seventeen rounds of 9mm ammunition, knowing that he had been previously convicted of a felony. D.I. 2. It is undisputed that as of July 29, 2022, Winters had been convicted of three Delaware felonies: (1) Second Degree Assault, Recklessly or Intentionally Causes Physical Injury with a Deadly Weapon in violation 11 Delaware Code § 612(a)(2); (2) Illegal Gang Participation in violation of 11 Delaware Code § 616(b); and (3) Attempted Robbery Second Degree in violation of 11 Delaware Code

§ 831(a)(1). D.I. 28 at 3. Thus, at the time Winters is alleged to have violated § 922(g)(1), he had been convicted of three inherently dangerous crimes.

Pending before me is Winters' Motion to Dismiss the Indictment Under the Second Amendment. D.I. 25. Winters argues that Section 922(g)(1) is unconstitutional both on its face and as applied to him under the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc). D.I. 32 at 1.[1]

Given the numerous opinions of district courts in this Circuit that have addressed these issues in the last year and the pending appeals of many of those decisions, I expect there will be a controlling decision from the Third Circuit in the near future.[2] There is also a case before the Supreme Court, *see United States v.*

---

[1] In a footnote, Winters makes the "secondary argument" that § 922(g)(1) exceeds Congress' Commerce Clause power. D.I. 25 at 1 n.1. The Third Circuit, however, has repeatedly held that § 922(g)(1) is a proper exercise of the Commerce Clause power. *See, e.g., United States v. Brownlee*, 454 F.3d 131, 149-50 (3d Cir. 2006); *United States v. Singletary*, 268 F.3d 196, 200-05 (3d Cir. 2001); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996). I accordingly reject this argument.

[2] *See e.g., United States v. Reichenbach*, 2023 WL 5916467 (M.D. Pa. Sept. 11, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with five felony drug convictions); *United States v. Ames*, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with felony robbery and firearm convictions); *United States v. Canales*, --- F.Supp. 3d ----, 2023 WL 8092078 (E.D. Pa. Nov. 20, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with three felony drug convictions); *United States v. Cooper*, 2023 WL 8186074 (D. Del. Nov. 27, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with three

*Rahimi*, No. 22-915 (argued Nov. 7, 2023), that might shed light on the analysis relevant to the issues at hand. I will therefore be brief in my analysis.

First, I agree with Judge Marston of the Eastern District of Pennsylvania that "six Justices (Roberts, Alito, Kavanaugh, Breyer, Sotomayor, and Kagan), through concurring and dissenting opinions, [have] signaled their understanding that the majority opinion in *Bruen* did not call into question the constitutionality of the § 922(g)(1)." *United States v. Canales*, 2023 WL 8092078, at *3 (E.D. Pa. Nov. 20, 2023). Based on this fact, and the Supreme Court's "assurances" in *D.C. v. Heller*, 554 U.S. 570, 626–27 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010), that nothing in those cases should be read to cast any doubt on the constitutionality of laws that prohibit the possession of firearms by felons, I find that the Second Amendment does not render § 922(g)(1) facially unconstitutional. As Judge Marston explained in *Canales*:

> In *Heller* and *McDonald*, the Supreme Court held that the "longstanding prohibitions on the possession of firearms by felons" is "presumptively lawful." *Heller*, 554 U.S. at 626–27 & n.26, 128 S.Ct. 2783; *McDonald*, 561 U.S. at 786, 130 S.Ct. 3020. This language was not dicta, *United States v. Barton*, 633 F.3d 168, 171 (3d Cir. 2011), and nothing in the Court's most recent opinion in *Bruen* suggests that this holding from *Heller* and *McDonald* is no longer good law, *see United States v. Morales*, No. 3:22-CR-161, 2023 WL 6276672, at *3 (M.D. Pa. Sept.

---

felony drug convictions); *United States v. Hawkes*, 2023 WL 8433758 (D. Del. Dec. 5, 2023) (denying as-applied and facial challenges to § 922(g)(1) by defendant with multiple felony drug and firearm convictions).

3

> 26, 2023) ("*Bruen* did not invalidate, alter, or overturn the legal principles and analysis set forth in *Heller* and *McDonald*, but instead, relying extensively on those two cases, clarified the appropriate test that must be applied in addressing Second Amendment challenges to firearms regulations.").

2023 WL 8092078 at *8.

Second, in light of *Range*, a Second Amendment challenge to the constitutionality of § 922(g)(1) as applied to a particular defendant is nonfrivolous. But as Judge Andrews explained in *United States v. Cook*, 2023 WL 8433510, at *2 (D. Del. Dec. 5, 2023),

> [t]hough the Court in *Range* held that § 922(g)(1) as applied to Range violated the Second Amendment, the Court went to considerable lengths to identify the circumstances there as an outlier. Range had been convicted in 1995 of a non-violent misdemeanor (considered to be a felony for federal purposes due to the maximum sentence being five years imprisonment), served a probationary sentence, paid his financial obligations caused by the conviction, and otherwise lived without contact with the criminal justice system for more than twenty years. He then came to court so that he could purchase a long gun to go hunting or a shotgun for self-defense at home. His is a compelling story. The Court recognized it as such.

Because *Range* presented such unique and extreme facts, most district courts in this Circuit have rejected post-*Range* "as-applied" challenges to § 922(g)(1) prosecutions. In doing so, "[t]hose courts have found that there is a historical tradition that legislatures have disarmed those individuals thought to be dangerous

4

or a threat to public safety if armed." *Cook*, 2023 WL 8433510, at *2 (citations omitted).

Even though Winters is one of "the people" protected by the Second Amendment under *Range*, his three inherently violent felonies place him in the category of dangerous individuals our legislatures historically saw fit to disarm. Accordingly, I find that § 922(g)(1) as applied to Winters does not violate the Second Amendment.

NOW THEREFORE, at Wilmington on this Thirteenth day of February in 2024, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss the Indictment Under the Second Amendment (D.I. 32) is DENIED.

_____
CHIEF JUDGE